AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

United States of America
v.
Brian W. Shaffer (a/k/a Brian Schaffer)

*Defendant(s)*

Case No. 2:26-mj-565

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 22, 2026 in the county of Delaware in the Southern District of Ohio, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of ammunition by prohibited person |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

David D. McCracken

*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 25, 2026

City and state: Columbus, OH

Kimberly A. Jolson
United States Magistrate Judge

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, David Daniel McCracken, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. This affidavit in support of an application for a criminal complaint charging Brian W. Shaffer (a/k/a Brian Schaffer) (SHAFFER) with possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since 2008. I am currently assigned to the Cincinnati Division Columbus Resident Agency as a member of the Joint Terrorism Task Force (JTTF), where I investigate violations of federal law relating to domestic and international terrorism investigations. Since becoming an FBI agent, I have received specialized training as a bomb technician to include improvised explosives and post-blast investigations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient evidence for issuance of a criminal complaint and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On August 22, 2026, at approximately 5:03p.m., Deputy Wolfe with the Delaware County Sheriff's Office was on routine patrol in his marked patrol unit and observed a silver 2003 Mercedes-Benz traveling northbound on US-23. The deputy followed behind the vehicle and observed it commit a turn signal violation by failing to signal 100 feet prior to changing lanes. As the deputy approached the rear of the vehicle, he also observed that the driver had an obstructed view of the roadway due to a large GPS device placed directly in front of the steering

wheel. Upon observing the driver commit another turn signal violation by failing to signal 100 feet prior to changing lanes, the deputy initiated a traffic stop on US-23, north of Radnor Road, located in the Southern District of Ohio.

5. Upon contact, the vehicle's sole occupant was identified as the registered owner, Brian W. SHAFFER. SHAFFER was advised of the reasons for the traffic stop and stated that he was on his way back to Toledo from Cincinnati. Deputy Wolfe asked SHAFFER about his route after recognizing that a direct route from Cincinnati to Toledo would not include US-23. Despite initially telling the deputy that he was going to Toledo to look at a truck, SHAFFER then stated that he had already gone to Columbus to look at a truck that he had found on Craigslist. The deputy performed records checks and learned SHAFFER's criminal history included violent crimes and weapons-related charges. When Deputy Wolfe returned to the vehicle, he asked SHAFFER if he had any firearms inside the vehicle. SHAFFER stared at the deputy before denying having any weapons in the vehicle. SHAFFER denied consent to search the vehicle.

6. During the traffic stop, Deputy Wolfe requested a K9 unit to conduct a free air sniff of the vehicle. Officer Carroll with the Delaware City Police Department arrived on scene to perform the K9 free air sniff. The K9 positively alerted to the presence of illegal narcotics within the vehicle.

7. SHAFFER was then advised of his *Miranda* warnings which he acknowledged. While conducting a probable cause search of the vehicle, a small, rectangular object was located on the backseat, covered in duct tape, with long strings emanating from both sides. SHAFFER said the object was a "pull fire starter." A small object, roughly the size of a baseball, with a hard shell, was found in a suitcase. The object was covered in black duct tape and had a small string

protruding from the top, resembling a wick. When asked about the object, SHAFFER said it was for blowing up groundhogs and that he would stick the explosive in groundhog holes. Three additional small duct-taped objects, and a black bag full of an unknown substance believed to be the internal components of the objects were found in a black bag inside the suitcase. The substance included small ball-bearing type balls and small nails. There was also a lighter in the bag. Located in the trunk was a large, homemade object with a hard exterior shell and a wick protruding from the top.

8. While completing the search of the car, the following ammunition was found: a box containing four Hunting Herter's 12-gauge shotguns shells; a box containing four Winchester Super X Buckshot 12-gauge shotgun shells; two Red Super 12-gauge shotgun shells; and one miscellaneous shotgun shell.

9. According to an interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Winchester Super X Buckshot 12-gauge shotgun ammunition is not manufactured in the State of Ohio, meaning the above-mentioned ammunition was transported in interstate commerce.

10. Additionally, inside SHAFFER's vehicle were two pipes and a pipe cap that screwed onto one of the pipes. Fixed to the inside of the cap was a nail that pointed inward to the adjacent pipe. Officer Carroll discovered that the pipe was manipulated in a way that allowed a shotgun shell to fit perfectly into one end, facing outward toward the other. The other pipe, which contained the inward-facing nail, could be slid over the other pipe, at which point the nail would strike the shotgun shell and discharge the shotgun shell. Each piece of piping had a handle, allowing the user to operate the device, which is commonly known as a "zip gun."

11. SHAFFER has the following felony convictions punishable by imprisonment for more than one year, making him ineligible under federal law to possess a firearm:

a. On or around April 7, 2021, SHAFFER was convicted in the Lucas County Court of Common Pleas of Vandalism, in violation of Ohio Revised Code § 2905.05(A) and (E), a fourth-degree felony. SHAFFER was sentenced to 15 months in prison;

b. On or around June 2, 2023, SHAFFER was convicted in the Lucas County Court of Common Pleas of Having Weapons While Under Disability, in violation of Ohio Revised Code § 2923.12(A)(2) and (B), a third-degree felony.

**CONCLUSION**

12. Based upon the above facts and circumstances, I submit that there is probable cause to believe that on or around August 22, 2026, Brian SHAFFER, knowing he had previously been convicted of a crime punishable by imprisonment for more than one year, did knowingly possess ammunition, and the ammunition was possessed in or affecting interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

David D. McCracken
Special Agent
FBI JTTF

Subscribed and sworn to me on August 25, 2026

Kimberly A. Jolson
United States Magistrate Judge