**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

:

**Plaintiff,**

**v.**

**Case No. 2:26-cr-142**
**Chief Judge Sarah D. Morrison**

**BRIAN W. SHAFFER,**

:

**Defendant.**

## OPINION AND ORDER

This matter comes before the Court for consideration of Brian Shaffer's Motion to Continue. (ECF No. 31.) The jury trial is currently scheduled for December 14, 2026. (ECF No. 28.)

In support of the Motion, defense counsel argues that additional time is necessary to continue investigation of the case, including the need for pretrial motions, and for the parties to discuss potential resolution of the case before trial. (ECF No. 31, PAGEID # 105.) The Defendant has waived his right to a speedy trial. (*Id.*) The Government does not oppose. (*Id.*, PAGEID # 103.)

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial … shall commence within seventy days' after the arraignment, 18 U.S.C. § 3161(c)(l) but lists a number of exclusions from the 70-day period[.]" *United States v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider several factors including whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Mr. Shaffer's Motion is well taken. The Court will set a trial date outside the Speedy Trial Act's 70-day rule because "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Accordingly, the Court sets forth the following findings:

1. The Court is available to try this case on December 14, 2026, beginning at 9:00 a.m.

2. The failure to grant the requested continuance would deny Mr. Shaffer's counsel reasonable time necessary for effective preparations, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

3. The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given these enumerated findings, the Court **GRANTS** Mr. Shaffer's Motion to Continue (ECF No. 31). The Court establishes the following:

- Discovery is due on or before **December 21, 2026**.

- All Pretrial Motions, including motions *in limine*, shall be filed on or before **December 28, 2026**. Motions may not exceed ten pages.

- Responses to all Pretrial Motions shall be filed on or before **January 4, 2027**. Responses are limited to ten pages.

- No reply memoranda are permitted without leave of court.

- Joint Jury Instructions, with objections, the grounds therefore, and alternative language clearly marked, shall be filed on or before **January 11, 2027**. A copy shall also be e-mailed to **Emily_Preston@ohsd.uscourts.gov** in Word format with all counsel copied on the email.

- The Final Pretrial Conference is scheduled for **January 19, 2027, at 12:30 p.m. in Chambers Conference Room No. 168.**

- The Jury Trial is scheduled for **January 25, 2027, at 9:00 a.m. in Courtroom 132**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**