FILED
RICHARD W. NAGEL
CLERK OF COURT

2026 NOV 18 PM 2:01

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**BRIAN W. SHAFFER**<br>**a/k/a Brian Schaffer,**<br><br>**Defendant.** | **CASE NO. 2:26-CR-142**<br><br>**CHIEF JUDGE MORRISON**<br><br>**<u>SUPERSEDING INDICTMENT</u>**<br><br>**18 U.S.C. § 842(a)(3)(A)**<br>**18 U.S.C. § 842(i)(1)**<br>**18 U.S.C. § 844(a)(1)**<br>**18 U.S.C. § 922(g)(1)**<br>**18 U.S.C. § 924(a)(8)**<br>**26 U.S.C. § 5841**<br>**26 U.S.C. § 5861(d)**<br>**26 U.S.C. § 5871**<br><br>**FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

**<u>COUNT ONE</u>**
**(Felon in Possession of a Firearm and Ammunition)**

1. On or about August 22, 2026, in the Southern District of Ohio, the defendant, **BRIAN W. SHAFFER (a/k/a BRIAN SCHAFFER)**, knowing at that time that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition—specifically, a homemade 12-gauge shotgun, destructive devices, as defined in 18 U.S.C. §§ 921(a)(3) and (a)(4), Winchester Super X 12-gauge shotgun ammunition, and Herter's 12-gauge shotgun ammunition—and the firearm and ammunition were in and affecting interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).**

## COUNT TWO
**(Possession of Firearm Not Registered in the National Firearms Registration and Transfer Record)**

2. On or about August 22, 2026, in the Southern District of Ohio, the defendant, **BRIAN W. SHAFFER (a/k/a BRIAN SCHAFFER)**, knowingly possessed a firearm as defined in 26 U.S.C. § 5845(a)—specifically, a destructive device as defined in 26 U.S.C. § 5845(f)—not registered to him in the National Firearms Registration and Transfer Record.

**In violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.**

## COUNT THREE
**(Transporting Explosive Materials Without a License)**

3. On or about August 22, 2026, in the Southern District of Ohio, the defendant, **BRIAN W. SHAFFER (a/k/a BRIAN SCHAFFER)**, not being a licensee or permittee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly transported explosive materials as defined in 18 U.S.C. §§ 841(c) and (d)—specifically, destructive devices.

**In violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a)(1).**

## COUNT FOUR
**(Transportation of Explosives by a Felon)**

4. On or about August 22, 2026, in the Southern District of Ohio, the defendant, **BRIAN W. SHAFFER (a/k/a BRIAN SCHAFFER)**, knowing at that time that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly transported explosives as defined in 18 U.S.C. § 841(d)—specifically, destructive devices, and the explosives were in and affecting interstate commerce.

**In violation of 18 U.S.C. §§ 842(i)(1) and 844(a)(1).**

## FORFEITURE ALLEGATION

5. Upon conviction of one or more of the offenses set forth in Counts One through Four of this Indictment, the defendant, **BRIAN W. SHAFFER (a/k/a BRIAN SCHAFFER)**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s), including but not limited to:

a. One homemade 12-gauge shotgun;

b. Destructive devices;

c. Winchester Super X 12-gauge shotgun ammunition; and

d. Herter's 12-gauge shotgun ammunition.

6. Upon conviction of one or more of the offenses set forth in Counts Three or Four of this Indictment, the defendant, **BRIAN W. SHAFFER (a/k/a BRIAN SCHAFFER)**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s), and pursuant to 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), any explosive materials involved or used or intended to be used in the violation(s) including, but not limited to, the destructive devices listed above.

7. *Substitute Assets:* If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

**Forfeiture in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

**A TRUE BILL.**

**/s Foreperson**
**FOREPERSON**

**DOMINICK S. GERACE II**
**United States Attorney**

**JUSTIN C. SHERIDAN (0087404)**
**Assistant United States Attorney**